Sthele vs. Millspaugh.

## No. 6709.

### CHAS. S. STHELE VS. SARAH M. MILLSPAUGH.

The Appeal in this case was made returnable on the first Monday of November. A Rule was taken in the lower Court by Appellee to have the order of Appeal set aside for cause. Pending this Rule, Appellant filed the Transcript in this Court, in September, before the return day. In October, the Rule was made absolute and the order of Appeal set aside by the lower Court. *Held* that the Appeal comes to this Court without any order and should be dismissed.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

*Wm. Reed Mills* for Defendant and Appellant.

*Chas. S. Rice* for Plaintiff and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

LEVY, J. The appellee moves to dismiss this appeal, for the reason, " that at the time of filing the transcript of appeal, to wit: on the 11th of September, 1877 (though the return day of said appeal was fixed for the 1st Monday of November, 1877), there was a rule pending in the lower court for the dismissal of said appeal, which rule was on the —— day of ——, 1877, made absolute, and said appeal dismissed, from which judgment of dismissal no appeal has been taken, and that said cause is, therefore, improperly pending in this Court;" and appellee exhibits as part of this motion a duly certified copy of the judgment of said lower court dismissing the appeal.

The transcript of appeal in this case was filed in this Court on the 11th of September, 1877; the judgment of the lower court was signed on June 27th, 1877; a motion for appeal was made, and order therefor granted on the 28th of June, and an appeal bond filed on July 25th, 1877 (*within thirty days from the signing of judgment*), within which time an appeal from judgments of divorce can be taken. The appeal was made returnable on the first Monday of November, 1877. A rule was taken on the defendant, appellant, and served on the 4th of August, 1877, to show cause (for the reasons set forth) why the order of appeal should not be set aside and the appeal dismissed; the trial of this rule was, by consent of counsel, on the 7th of August, 1877, continued to the 2d of October. In the meantime, before the return day fixed, the appellant filed the transcript of appeal pending the rule mentioned, and the original transcript does not show what action was had by the lower court.

It is true this Court has appellate jurisdiction only, and is confined to a consideration of the matters of fact contained in the record. It be-

comes seized of jurisdiction when the appeal bond is given in conformity with law, which continues until its final disposition of the case, or until it becomes divested by operation of law, or by legal effect of proceedings had in the lower court, as provided in the Code of Practice. In such matter as acquiescence pleaded to have been given by the appellant, the Court would remand a case for ascertainment in the lower court of such *fact*, or of any other *fact* not shown in the record. Here the pendency of a rule to set aside the order of appeal is patent in the record, and during the continuance of that rule, with consent of appellant, to a day agreed upon by her, and, before judgment was rendered on the rule, the transcript was filed, and our jurisdiction attached.

The appellee files in this Court, with his motion to dismiss, a certified copy of the judgment of the lower court, setting aside the appeal, from which judgment no appeal has been taken, and which, by lapse of time has become final, and is *res adjudicata* as to the parties. The appellant did not choose to appeal from this judgment, adverse to her, and the appellee could not appeal, because it granted him fully what he had sought and prayed for. The duly certified copy of the judgment shows distinctly that the order was set aside by the lower court before the expiration of the time within which the appeal was returnable, and the appeal dismissed. To remand the case, for the purpose of ascertaining the fact that such judgment was rendered, would, to our minds, be supererogatory, and regarding this *fact* as being incontrovertibly established, we think this Court is, under the circumstances, properly divested of jurisdiction by a proceeding taken in due season in the lower court. The motion of appellee to dismiss is sustained, and it is ordered that the appeal herein be dismissed.

---

### ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

POCHÉ, J. In this case appellant prayed for rehearing, and for ten days time to file grounds in support of his motion. The time expired on December 28, and no reasons have yet been assigned in support of the application.

An examination of the record shows that on a rule taken by appellee, the order of appeal was annulled and set aside by the lower court, before the expiration of the delay for filing the transcript, for the reason of the insolvency of the security on the appeal bond. No appeal was taken from that decree, and it became final between the parties. The appeal, as it comes before us, is without an order of appeal, and we, therefore, find no error in the decree dismissing the appeal. The rehearing is, therefore, refused.